IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

  v.                                                    No. 1:22-cr-00113-WJ

MARIO GOMEZ CALDERON,

     Defendant,

## ORDER RULING ON GOVERNMENT'S OPPOSED MOTIONS IN LIMINE

**THIS MATTER** is before the Court on the United States' Opposed Motions in Limine to Preclude Discussion of Information Known Only to Defendant in Front of the Jury; to Admit at Trial Photo of the Defendant's Face; and to Refer to John Doe as the "Victim." Having considered the written and oral arguments of counsel as well as the applicable law, the Court **DENIES** the Motion to Preclude Discussion of Information Known Only to Defendant in Front of the Jury (**Doc. 45**); **DENIES** as moot the Motion to Admit at Trial Photo of the Defendant's Face (**Doc. 47**); and **GRANTS** in part the Motion to Refer to John Doe as the "Victim" (**Doc. 49**).

### DISCUSSION

**I.    MIL to Preclude Discussions of Information Known Only to Defendant in Front of the Jury Is DENIED.**

The United States seeks to prohibit "Defendant, his counsel, and/or any defense witnesses from asking any questions, introducing any evidence, or making any statement or argument, directly or indirectly, regarding information known only to Defendant in front of the jury." **Doc. 45.** The United States' concern appears to be that a defense alibi witness will make an impermissible hearsay statement at trial. Defendant opposes this motion and responds, "Counsel

1

are well aware of the rules of evidence and will adhere to those rules." **Doc. 55.** The Court agrees with Defendant that a "ruling in advance prohibiting introduction of hearsay . . . is merely a statement that the rules of hearsay will apply to this trial." *Id.* Such a ruling is unnecessary. Accordingly, the Court **DENIES** this Motion in Limine (**Doc. 45**) without prejudice to the United States raising hearsay objections at trial if appropriate.

II.     **MIL to Admit at Trial Photo of the Defendant's Face is DENIED as Moot.**

The United States initially filed an Opposed Motion to Admit at Trial Photo of the Defendant's Face. At the December 5 hearing, the United States alerted the Court that the United States and defense counsel have agreed to the admission at trial of a different photograph of the Defendant. *See* Government Exhibit 5. Thus, the Court **DENIES** this Motion (**Doc. 47**) as moot.

III.    **MIL to Refer to John Doe as the "Victim" GRANTED in Part.**

The United States moves the Court to allow the United States to refer to John Doe as "the victim." In the alternative, the United States seeks to refer to John Doe as the "alleged victim," or at least to use the word "victim" during Closing arguments. The Defendant opposes this motion and at the December 5 hearing argued the word "victim" is highly suggestive. Defense counsel requested the Court require the United States refer to John Doe either by his name or as the "alleged victim."

Defendant's argument is well taken. Accordingly, the United States shall refer to John Doe by his name or as the "alleged victim" during the trial. *See United States v. Holt*, No. 21-CR-205-JFH, 2022 WL 2704037, at *1 (E.D. Okla. July 11, 2022) ("[T]he parties shall acknowledge Defendant's presumption of innocence by using the term 'alleged victim' and shall instruct their witnesses to do the same."). However, the United States shall be permitted to use the term "victim" during Closing arguments. *See Lambert v. Midwest City Mem'l Hosp. Auth.*, 671 F.2d 372, 375 (10th Cir. 1982) (The Tenth Circuit has "consistently afforded trial counsel considerable leeway"

during closing arguments.); *see also United States v. Pena*, No. 20-CR-01903 MV, 2022 WL 1102456, at *3 (D.N.M. Apr. 12, 2022) ("In its closing, the government is permitted to argue that it has met its burden to establish [Defendant's] guilt. Consequently, it would not be unfairly prejudicial to allow the government to follow this argument to its logical conclusion by calling Jane Doe a victim."). Therefore, this Motion (**Doc. 49**) is **GRANTED** in part.

  **IT IS THEREFORE ORDERED:**

(1) The Opposed Motion in Limine to Preclude Discussion of Information Known Only to Defendant in Front of the Jury (**Doc. 45**) is **DENIED** without prejudice to the United States raising hearsay objections at trial;

(2) The Opposed Motion in Limine to Admit at Trial Photo of the Defendant's Face (**Doc. 47**) is **DENIED** as moot; and

(3) The Opposed Motion in Limine to Refer to John Doe as the "Victim" (**Doc. 49**) is **GRANTED** in part—the United States shall refer to John Doe by his name or as the "alleged victim" at trial but may refer to John Doe as the "victim" during Closing arguments.

_____
CHIEF UNITED STATES DISTRICT JUDGE